UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AUDREY G.,<br><br>      Plaintiff,<br>v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | CASE NO. 3:24-CV-5425-DWC<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her applications for Supplemental Security Income (SSI) benefits and Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

I.   BACKGROUND

Plaintiff filed her applications for SSI and DIB on December 30, 2020. Dkt. 7, Administrative Record (AR) 17. Her alleged date of disability onset is March 30, 2019. *Id.* Her

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 1

requested hearing was held before an Administrative Law Judge (ALJ) on July 14, 2023. AR 38–68. On September 15, 2023, the ALJ issued a written decision finding Plaintiff not disabled. AR 14–37. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision the final agency action subject to judicial review. AR 1–6. On June 4, 2024, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 5.

## II. STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III. DISCUSSION

In her opening brief, Plaintiff argues the ALJ erred in evaluating the medical opinions of Jenna Yun, PhD, Terilee Wingate, PhD, and Laura Morgan, PhD; assessing her subjective testimony; excluding certain impairments at step two; and failing to develop the record adequately. *See generally* Dkt. 9.

**A.    Step Two**

At step two, the ALJ determines whether a claimant has produced evidence of one or more Medically Determinable Impairments (MDIs) and whether those impairments are severe. *See* 20 C.F.R. § 404.1520(a)(4)(ii). Here, the ALJ found Plaintiff had the severe impairments of osteoarthritis and obesity. AR 20. He did not consider whether Plaintiff had other MDIs, although he did determine that her MDI of depressive disorder was non-severe (a finding considered in the next section). *See id.*

The claimant bears the burden of producing evidence of an MDI. *See* 20 C.F.R. § 404.1512(a). An MDI "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. It "must be established by objective medical evidence from an acceptable medical source." *Id.* A "statement of symptoms, a diagnosis, or a medical opinion" is insufficient to establish an MDI. *Id.*

Plaintiff contends the ALJ erred because he "did not mention her abdominal and digestive impairments, Factor V Leiden deficiency, Lupus, hypothyroidism, fibromyalgia, PTSD, or anxiety disorder." Dkt. 9 at 16. Plaintiff suggests the ALJ's failure to explain why those purported impairments were not MDIs was by itself error. Dkt. 14 at 6. But the ALJ need only address "significant" and "probative" evidence, *see Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th Cir. 2022) (quoting *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984)), and evidence which indisputably does not meet the requirements to establish an MDI is not probative.

Some evidence in the record at least arguably shows Plaintiff has MDIs beyond those found by the ALJ. For instance, DNA testing found Plaintiff positive for Factor V Leiden mutation. *See* AR 651–52. Additionally, Plaintiff was found to have the severe impairments of fibromyalgia, lupus, and anxiety disorder in a previous final determination. *See* AR 75. Such findings are given preclusive effect in subsequent claims absent an explicit finding of new and material evidence, which the ALJ did not make. *See* Acquiescence Ruling 97-4(9), 1997 WL 742758, at *3 (Dec. 3, 1997) (ALJs "must give effect to certain findings . . . contained in the final decision by an ALJ," including a "finding required at a step in the sequential evaluation process"). On the other hand, much of the evidence cited by Plaintiff (Dkt. 9 at 16, citing AR

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

829, 978–1131, 1404) consists of notations indicating certain impairments were part of her medical history. Such statements of diagnoses and symptoms, by themselves, do not establish an MDI. *See* 20 C.F.R. § 404.1521.

The ALJ's failure to explain why additional MDIs were not found at step two was error and that error was not harmless, as such impairments may have resulted in additional limitations in the RFC. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (error is not harmless if Court cannot "confidently conclude that no reasonable ALJ . . . could have reached a different disability determination") (citations omitted).

**B.    Medical Opinions of Drs. Wingate and Yun**

At step two, the ALJ found Plaintiff's depressive disorder was not severe. *See* AR 20. When considering whether a mental impairment is severe at step two, an ALJ considers a claimant's degree of limitation in four areas (the Paragraph B criteria) and rates Plaintiff's limitations in the Paragraph B areas on a five-point scale: none, mild, moderate, marked, and extreme. 20 C.F.R. § 404.1520a(c)(4). If the ALJ rates the degree of limitation as "none" or "mild" in all four areas, the impairment is not severe. 20 C.F.R. § 404.1520a(d)(1). Here, the ALJ rated Plaintiff's degree of limitation as "none" or "mild" in all four Paragraph B areas (*see* AR 20) and, in doing so, considered the opinions of Drs. Wingate and Yun (*see* AR 21–22).

For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§

404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a medical opinion with relevant evidence and explanation, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)–(2).

Drs. Yun and Wingate examined Plaintiff and submitted opinions in January 2021 and January 2023, respectively. *See* AR 1321–31, 1381–85. Both opined Plaintiff had moderate limitations in her abilities to learn new tasks and perform routine tasks without special supervision, as well as marked limitations in her abilities to perform activities within a schedule, maintain regular attendance, and be punctual and maintain appropriate behavior. *See* AR 1326–27, 1383–84. The sources opined Plaintiff had at least moderate limitations in her abilities to communicate and perform effectively in a work setting and to adapt to changes. *See* AR 1326–27, 1382–83.

The ALJ found both opinions unpersuasive. *See* AR 21–22. The ALJ found neither source's mental examinations "support[ed] the 'marked' limitations assessed." *See* AR 21, 22. The ALJ also found Plaintiff's activities of daily living were "inconsistent with the 'marked' limitations assessed by" both sources. *See* AR 21, 22.

As an initial matter, because the ALJ found Plaintiff's mental impairments non-severe at step two, the ALJ could not simply reject Drs. Yun and Wingate's marked limitations without considering the moderate limitations they opined. The ALJ did not consider Plaintiff's mental impairments beyond step two because he found she had no moderate limitations in the Paragraph B areas. *See* AR 20. The moderate limitations opined by Drs. Yun and Wingate suggest Plaintiff would have moderate limitations in one or more of those areas.[1] Thus, even the existence of

---

[1] *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.00(E)(1) (Paragraph B area regarding ability to "understand, remember, or apply information" involves "learning . . . procedures," "providing explanations," "using reason and

moderate limitations would call into question the ALJ's step two finding. *See Glanden v. Kijakazi*, 86 F.4th 838, 843–44 (9th Cir. 2023) ("[C]laimants need only make a *de minimis* showing for the analysis to proceed past [step two] and . . . denying a claim at step two requires an unambiguous record showing only minimal limitations.").

In addition, the ALJ's findings with respect to supportability and consistency were not supported by substantial evidence. With respect to supportability, the ALJ erred by considering only the normal portions of the mental status examinations without considering the abnormal portions, *see* AR 1319–20 (Dr. Yun noting abnormal appearance, memory, cognition), 1385 (Dr. Wingate finding mood, affect, insight, judgment not within normal limits), the additional explanations provided by both sources, *see* AR 1316–17 (Dr. Yun listing Plaintiff's symptoms and describing severity and some limiting effects), 1382–83 (Dr. Wingate doing same), and the additional objective medical evidence provided, such as the Hamilton Anxiety and Depression Rating Scales (HAM-A and HAM-D, respectively), Beck Anxiety Inventory (BAI), and Beck Depression Inventory (BDI) results,[2] *see* AR 1316, 1382–83. *See* 20 C.F.R. § 404.1520c(c)(1) (supportability concerns source's evidence and explanations); *Hollohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (ALJ errs by failing to consider source's notes "in full and in

---

judgment"); *Id.* at 12.00(E)(3) (ability to "concentrate, persist, or maintain pace" includes "performing a task that you understand," "completing tasks in a timely manner," and "sustaining an ordinary routine and regular attendance"); *Id.* at 12.00(E)(4) (ability to "adapt or manage oneself" includes ability to "control behavior" and "adapt to changes").

[2] Defendant points out that "these tests are subjective in nature," but that does not mean they are not also objective medical evidence the ALJ should have considered. *See* 20 C.F.R. §§ 404.1502(g), (k) (objective medical evidence includes psychological phenomena shown by use of psychological tests); *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017) ("[T]he report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology. . . . Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. . . . But such is the nature of psychiatry.") (citations and quotations omitted); *see also* Soc. Sec. Admin. Program Operations Manual Sys. DI 24583.050(D)(6) (listing personality measures, including "self-reported inventories, where the person being tested rates how well a question or statement applies to them," as forms of psychological tests which an ALJ must "consider").

context"); *see also Alexander M. v. Comm'r of Soc. Sec.*, 2021 WL 3758145, at *3 (W.D. Wash. Aug. 25, 2021) (ALJ errs by failing to explain "why he considered the normal results more significant" than abnormal results supporting opinion).

With respect to the purported inconsistencies with Plaintiff's activities, the ALJ pointed to Plaintiff's activities of assisting her father and engaging in self-care. *See* AR 21, 22. Without further explanation, this was not an adequate reason for rejecting the opinions. How often or intensely Plaintiff cared for her father is unclear from the record, and evidence reflects that Plaintiff nevertheless had difficulties with doing so. *See* AR 1324 ("[Plaintiff] has been helping to care for [her father], which has been overwhelming for her."), 1325 ("[Plaintiff] has been taking care of her father, who is medically disabled and cognitively impaired. She spends much of her day sleeping due to fatigue…"), 1284 (noting "stress" of caring for father). Plaintiff's engaging in self-care is similarly not probative as to the limitations opined by Drs. Yun and Wingate. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits . . . .").

Finally, the ALJ rejected the opinions because Plaintiff did not take mental health medication and there was no evidence of hospitalizations related to her mental health issues. *See* AR 21, 22. The ALJ did not explain, nor can the Court discern, how the absence of such measures was inconsistent with the opinions. One need not require hospitalization or medication, for instance, to have limitations in their abilities to maintain a schedule or learn new tasks.

Defendant suggests the ALJ's rejection of Drs. Yun and Wingate's opinions was proper because Drs. Eisenhauer and Jenkins-Guarnieri reviewed the opinions and concluded some of the marked and extreme limitations opined were unwarranted. Dkt. 13 at 12. The ALJ did not discuss the reviewers' conclusions, so the Court cannot rely on them in affirming the ALJ's

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 7

decision. *See Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (The Court "may not affirm the ALJ on a ground upon which [the ALJ] did not rely."). Even so, neither of the reviews support the ALJ's finding that Plaintiff had only mild limitations in her areas of mental functioning. *See* AR 1330–31 (Dr. Eisenhauer opining Dr. Yun's marked and severe limitations "should be adjusted to the moderate range"); AR 1398 (Dr. Jenkins-Guarnieri finding Dr. Wingate's severe and marked limitations should be adjusted to marked and moderate ones).[3]

In sum, the ALJ failed to provide proper reasons for rejecting the opinions of Drs. Yun and Wingate. Because the opinions, if credited, may result in a different step two determination, the Court reverses. *See Marsh*, 792 F.3d at 1173.

### C.     Duty to Develop the Record

At step two, the ALJ found the opinions of three state agency psychiatric consultants, including Howard Atkins, PhD, persuasive. *See* AR 20–22. Dr. Atkins wrote, in his August 2021 opinion, that he "recommend[ed] obtaining a narrative [mental status examination] from a qualified provider to determine current diagnoses, symptom severity and assessed functional capacity," as there was little evidence in the record pertaining to Plaintiff's mental functional capacity. *See* AR 88.

An ALJ errs by relying upon a medical opinion which expresses concern over the completeness of the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150–51 (9th Cir. 2001) (ALJ could not rely upon testimony while ignoring source's "equivocations," "concern over the lack of a complete record," and recommendation that a more detailed report be obtained). Such a

---

[3] Although Dr. Jenkins-Guarnieri suggested Plaintiff's mental impairments might improve after "7–12 months" of treatment, he nevertheless found her impairments were likely to last 12 months, satisfying the duration requirement. *See* AR 1398; 20 C.F.R. § 404.1509; *see also Romero v. O'Malley*, No. 23-55292, 2024 WL 4919515, at *2 (9th Cir. Nov. 29, 2024) (unpublished) (finding ALJ erred in relying on opinion's projection that claimant's symptoms would improve without also finding actual improvement).

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 8

statement in a medical opinion relied upon by the ALJ does trigger the ALJ's duty to develop the record further. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2003) ("The ALJ's duty to supplement a claimant's record is triggered by . . . the ALJ's reliance on an expert's conclusion that the evidence is ambiguous.").

Here, Drs. Yun and Wingate both completed psychiatric evaluations at the request of the Washington State Department of Social and Health Services after Dr. Atkins' opinion was issued. *See* AR 1315–28, 1381–84. They conducted narrative mental status examinations (AR 1319–20, 1328–29, 1384–85), determined current diagnoses (AR 1318, 1323, 1383), described symptoms and assessed their severity (AR 1316–17, 1323, 1382–83), and opined on Plaintiff's mental functional capacity (*see* AR 1317–18, 1322, 1383–84). Dr. Atkins' recommendation for further record development materialized, so the ALJ did not have to develop the record further.[4] However, the ALJ did err to the extent he relied upon Dr. Atkins' opinion in forming his ultimate conclusion. *See Tonapetyan*, 242 F.3d at 1150–51.

**D.    Remaining Issues**

Having found reversible error, the Court declines to consider Plaintiff's remaining arguments challenging the ALJ's consideration of her subjective testimony and the opinion of Dr. Morgan. Instead, the ALJ is directed to reevaluate the medical evidence on remand, reassess his step two findings, and, if appropriate, reassess the RFC and his steps four and five findings.

Plaintiff requests the Court remand for an award of benefits, but there remain additional ambiguities which should be resolved on remand, including the consideration of the effects of

---

[4] Plaintiff contends "a finding of disability must follow" from Drs. Yun and Wingate's examinations, presumably based on the opinions those sources completed (Dkt. 9 at 17), but cites no authority for the proposition that, after the record is developed due to ambiguous evidence, the ALJ must credit the opinions of the sources who provided further record development. To the contrary, the ALJ need not "give . . . controlling weight[] to any medical opinion(s)." 20 C.F.R. § 404.1520c(a).

impairments which the ALJ did not consider. *See Garrison*, 759 F.3d at 1022 (Court should not remand if there remain ambiguities in record).

### IV.   CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 12th day of December, 2024.

David W. Christel
United States Magistrate Judge